UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

---

REGINALD ELLIS HORNE, JR.,            20-cv-01026
        Petitioner,

-vs-                                         ORDER

HUGHES COUNTY JAIL,
        Respondent.

---

Petitioner pleaded guilty to Assault by Striking Beating or Wounding and was sentenced on May 2, 2019 to time served (as of May 6, 2019) in 1:18-cr-10026. Doc. 58. In April 2020, a Petition to Revoke Supervised Release was filed. Doc. 82. Petitioner admitted he violated the conditions of his supervised release and his supervised release was revoked. He was sentenced on October 26, 2020 to four months custody. Doc. 99.[1]

Petitioner has challenged his initial sentence and his revocation sentence through multiple actions. In each action, Petitioner's challenges stem from the interplay of this federal prosecution and his tribal prosecution. This Court is bound by precedent and must once again deny the relief requested by Defendant. See, United States v. Lara, 541 U.S. 193, 210, 124 S. Ct. 1628, 1639, 158 L. Ed. 2d 420 (2004).

In file 1:20-cv-01002, Petitioner claimed that he had been sentenced in both tribal court and federal court for the same offense, a double jeopardy argument, and that his sentence violated the Sixth Amendment because he had been in custody for 607 days[2] when the Motion to Vacate, Set Aside or Correct Sentence was filed in that case. Those arguments were rejected. Doc. 7 in file 1:20-cv-01002.

---

[1] Documents referenced in the first paragraph are in file 1:18-cr-10026.

[2] Petitioner was incarcerated beyond this Court's sentence because he was in tribal custody.

Petitioner also appealed his revocation and sentence to the United States District Court pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2)(B), 1:20-cr-10048.³ Petitioner's primary contention on appeal was that this Court failed to credit him with time served in tribal custody, making the length of his revocation sentence unreasonable. 1:20-cr-10048, Doc. 4. Credit for time served is calculated under 18 U.S.C. § 3585 and is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence. United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992), citing United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). The Attorney General has delegated the task of calculating credit for time served to the Bureau of Prisons. United States v. Moore, 978 F.2d at 1031; 28 C.F.R. § 0.96. The Bureau of Prisons, the entity responsible for calculating time served, gave petitioner credit for the time served in tribal custody. Petitioner was released November 24, 2020. Both parties suggested that the appeal was moot and the appeal was dismissed by the Hon. Charles B. Kornmann on December 10, 2020. 1:20-cr-10048, Doc. 7.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In this proceeding, Petitioner contends that his constitutional rights were violated when he was sentenced on revocation to a period of custody which did not take into account time served. He again bases his argument on double jeopardy and Sixth Amendment claims. This issue was the basis of Petitioner's appeal to the District Court. Petitioner's appeal was dismissed as moot pursuant to his admission in his Reply Brief. Generally, failure to raise an issue on direct appeal (and pursue that appeal) bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). See United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) ("a collateral challenge may not do service for an appeal."). Petitioner's direct appeal became moot when the relief he sought – immediate release from prison – was granted to him by virtue

---

³ Petitioner initially appealed to the United States Court of Appeals for the Eighth Circuit, No. 20-3351. Recognizing that an appeal from a magistrate's judgment is properly filed in the District Court, petitioner moved in the Eighth Circuit to dismiss the appeal, which motion was granted.

of the B.O.P.'s calculation of his time served. For the same reason, his motion to vacate his revocation sentence is also moot.

IT IS THEREFORE that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is denied as moot and this matter is dismissed.

Dated December 30, 2020.

_____
William D. Gerdes
US Magistrate Judge